[Cite as *Catudal v. Catudal*, 2013-Ohio-4801.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Chance Catudal, | : | |
| Plaintiff-Appellant, | : | No. 13AP-492 |
| | | (C.P.C. No. 10DR-4934) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Anna C. Catudal, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on October 31, 2013

*Chance Catudal*, pro se.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations.

BROWN, J.

{¶ 1} Chance Catudal, plaintiff-appellant, appeals the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, in which the trial court granted the motion of Anna C. Catudal, defendant-appellee, to declare appellant to be a vexatious litigator.

{¶ 2} Appellant and appellee were married April 1, 2009. On October 20, 2011, the parties' marriage was terminated by a decree of divorce. A deluge of filings by appellant followed.

{¶ 3} On March 13, 2013, appellee filed a motion to declare appellant a vexatious litigator. On June 3, 2013, the trial court granted appellee's motion and declared appellant to be a vexatious litigator. Appellant, pro se, appeals the judgment of the trial court, asserting the following "arguments," which we have construed as assignments of error:

[I.] [Judge] Browne violated Ohio law.

[II.] [Judge] Browne violated Appellant's Constitutional Rights.

[III.] [Judge] Browne's Abuse of Discretion.

{¶ 4}   We will address appellant's assignments of error together, as they all argue that the trial court erred when it granted appellee's motion to declare appellant to be a vexatious litigator. R.C. 2323.52, the vexatious litigator statute, provides:

> (B) A person * * * who has defended against habitual and persistent vexatious conduct in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court may commence a civil action in a court of common pleas with jurisdiction over the person who allegedly engaged in the habitual and persistent vexatious conduct to have that person declared a vexatious litigator. The person * * * may commence this civil action while the civil action or actions in which the habitual and persistent vexatious conduct occurred are still pending or within one year after the termination of the civil action or actions in which the habitual and persistent vexatious conduct occurred.
>
> (C) A civil action to have a person declared a vexatious litigator shall proceed as any other civil action, and the Ohio Rules of Civil Procedure apply to the action.

{¶ 5}   This court has recently concluded R.C. 2323.52 unambiguously requires a party to commence a civil action, by the filing of a complaint, to have the trial court declare a person a vexatious litigator, and a party's filing of a motion in a pending case does not satisfy the requirements of R.C. 2323.52. *See Whipps v. Ryan*, 10th Dist. No. 12AP-685, 2013-Ohio-4382, ¶ 22. Orders declaring a person a vexatious litigator are not void but are voidable upon appeal. *Id.* at ¶ 21, citing *Miller v. Nelson-Miller*, 132 Ohio St.3d 381, 2012-Ohio-2845, ¶ 12, citing *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, ¶ 10, 15. Therefore, the trial court in the present case erred when it granted appellee's motion to declare appellant a vexatious litigator for the sole reason that R.C. 2323.52 requires the filing of a complaint. Therefore, we sustain appellant's three assignments of error.

{¶ 6} Accordingly, we sustain appellant's three assignments of error, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is reversed.

*Judgment reversed.*

KLATT, P.J., and CONNOR, J., concur.

_____