[Cite as *Huntington Natl. Bank v. G.J.P. Properties, L.L.C.*, 2014-Ohio-124.]
IN THE COURT OF APPEALS OF OHIO

TENON APPELLATE DISTRICT

| | | |
|---|---|---|
| The Huntington National Bank, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 12AP-1008 |
| v. | : | (C.P.C. No. 11CVH-06-7490) |
| G.J.P. Properties, LLC, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant, | : | |
| Patricia A. Petrosky, Individually, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on January 16, 2014

*Weltman, Weinberg & Reis, Co. L.P.A., Allen J. Reis*, and *Matthew G. Burg*, for Huntington National Bank.

*Brent C. Stobbs*, for appellant.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, G.J.P. Properties, LLC ("GJP"), from entries of the Franklin County Court of Common Pleas, including an entry granting summary judgment in favor of plaintiff-appellee, The Huntington National Bank ("Huntington").

{¶ 2} On September 21, 2000, GJP received a business line of credit from Huntington, the terms of which were governed by a line of credit agreement ("credit agreement"). The credit agreement was guaranteed by separate guaranty agreements

executed by Gerold J. Petrosky, the president of GJP, and Patricia A. Petrosky (the former spouse of Gerold), now known as Patricia Fox (hereafter "Fox").

{¶ 3}   On June 20, 2011, Huntington filed a complaint against GJP and Fox, individually, alleging claims for breach of the credit agreement and the guaranty executed by Fox.[1]  The complaint alleged that defendants had been granted a $50,000 line of credit under the terms of the credit agreement and were now in default, owing Huntington the sum of $49,260.52, plus interest.  The complaint also alleged that the guaranty executed by Fox contained a cognovit provision.

{¶ 4}   On the same date Huntington filed its complaint, James G. Kozelek, an attorney, filed an answer confessing judgment on behalf of Fox, individually, pursuant to a warrant of attorney.  By entry filed June 29, 2011, the trial court granted judgment in favor of Huntington and against Fox, individually, in the amount of $49,260.52, plus interest.

{¶ 5}   GJP filed an answer on September 6, 2011.  GJP filed a counterclaim against Huntington on October 25, 2011, alleging in part that Huntington's confessed judgment against Fox was void and invalid.  On March 16, 2012, GJP filed a suggestion of bankruptcy, seeking to stay the trial court action on the basis that a Chapter 7 bankruptcy proceeding, filed in 2009 by Gerold J. Petrosky (hereafter "Petrosky"), had been reopened.  On March 20, 2012, the trial court entered an order of stay.  On April 4, 2012, Huntington filed a motion to vacate the stay.

{¶ 6}   On May 7, 2012, GJP filed a motion to dismiss Huntington's action and to vacate the prior judgment against Fox.  In the motion, GJP argued that Huntington failed to properly invoke the jurisdiction of the trial court for lack of required cognovit language in the debt instrument, and therefore "the judgment against Patricia Fox should never have been granted and must be vacated, nunc pro tunc."  GJP further argued that it had never been properly served, nor had it been served notice of the cognovit judgment against Fox.

{¶ 7}   Huntington filed a brief in opposition to the motion to dismiss, asserting that the credit agreement between Huntington and GJP did not include a cognovit

---

[1] The remaining guarantor, Gerold J. Petrosky, filed for bankruptcy in 2009 and was not named in the complaint.

provision, and that the arguments raised by counsel for GJP were based on Huntington's cause of action against Fox, a party that counsel for GJP did not represent. GJP filed a memorandum contra Huntington's brief in opposition to the motion to dismiss. By decision and entry filed August 27, 2012, the trial court granted Huntington's motion to vacate stay and denied GJP's motion to dismiss Huntington's action and vacate the prior judgment.

{¶ 8} On September 21, 2012, GJP filed a motion to strike all pleadings of Fox, asserting that the trial court's judgment against her was void, and that the pleadings filed by attorney Kozelek were void for lack of authority. Huntington subsequently filed a reply to GJP's motion to strike. On October 3, 2012, Huntington filed a motion for summary judgment against GJP, to which GJP filed no response. On October 31, 2012, the trial court filed an entry granting summary judgment in favor of Huntington, and against GJP, in the amount of $49,260.52, plus interest.

{¶ 9} On appeal, GJP sets forth the following nine assignments of error for this court's review:

> Assignment of Error Number I.
>
> Plaintiff's Judgment against Patricia Petrosky is *void ab initio* for failure to comply with the confession of judgment statute (by failing to attach the "original" loan document[/s] to the complaint), such that the Court thus lacked jurisdiction to grant judgment against Patricia Fox.)
>
> Assignment of Error Number II.
>
> Plaintiff's Judgment against Patricia Petrosky is *void ab initio* for failure to comply with the confession of judgment statute (by admittedly failing to include required statutory cognovit notices in bold print immediately above the signature line on the debt instrument, the Note) after the Court correctly held that, "Plaintiff's claims against Defendant GJP [and Patricia Fox] are based upon the Original Business Line of Credit Agreement, which did not contain a cognovit provision.")
>
> Assignment of Error Number III.
>
> Plaintiff's Judgment against Patricia Petrosky "..is *void ab initio* for lack of jurisdiction because it requires the Court to consider documentation outside the four corners of the

promissory Note to determine the amount due and owing[,] "(particularly on this open-ended line of credit loan, being (a) impossible for the Court to calculate the conclusory $49,260.52 judgment).

Assignment of Error Number IV.

Plaintiffs initial "confessed" judgment of $49,260.52 against Co-Defendant Fox unfairly prejudiced the Court's 2nd judgment against Co-Defendant GJP, being (1) void and (2) without proper evidentiary support.

Assignment of Error Number V.

The Court erred by granting two judgments, doubling the claim to over $100,000.00 total, in the lawsuit only seeking approximately $54,000.00 as of date of appeal (failing to find the Defendants jointly and severally liable, and instead making two different judgments, each for $49,260.52, plus $1099.13 accrued interest, plus $100 late fees, and interest from June 3, 2011.).

Assignment of Error Number VI.

The trial Court erred in refusing to grant Defendant GJP'[s] timely motion to vacate judgment (after cognovit action was shown to be void).

Assignment of Error Number VII.

Trial Court erred in failing to address conflicts of interest properly, (1) Ignoring Attorney Kozelek's actual conflict of interest (hired by Plaintiff; filed an answer representing Defendant) (2) by overlooking Plaintiff's bank's counsel's actual conflicts (representing Plaintiff bank, but also (a) having an agent file pleadings for a Defendant), (b) arguing motions for a Defendant at all, (c) and for one who was already represented by counsel), and (3) rejecting pleadings of Defendant GJP, unfairly accusing Defendant GJP's counsel of a conflict (specifically finding that GJP's counsel was "improper[ly]" arguing for Co-Defendant Fox by alleging that a Court action was void.)

Assignment of Error Number VIII.

The trial Court erred in granting summary judgment without even ruling on (a) the Counterclaim or (b) Defendant's motion to strike (which each clearly suggested significant questions of fact), and erred by refusing to strike all pleadings of Attorney Kozelek (not authorized by statute or by his alleged client) in which created an unexcused conflict of interest).

Assignment of Error Number IX

Service upon Defendant GJP was untimely and knowingly improper, violating O.R.Civ.P. Rule 4 and 4.2(F), is clearly not reasonably intended to reach Defendant, as sent to an address GJP never used, (See complaint caption), while knowing the actual address of the entity, and even still using the correct address regularly for other banking business, and yet all initial service attempts failed. Nothing in evidence suggested that GJP should be served at his ex-wife's current address.

{¶ 10} GJP's first, second, third, fourth, and sixth assignments of error are interrelated and will be considered together. Under these assignments of error, GJP challenges the judgment rendered against Fox individually under the guaranty agreement. Specifically, GJP argues that the judgment entered against Fox is void for failure to attach the original loan document to the complaint, and for failure to include required statutory cognovit notices in bold print above the signature line. GJP further argues that the court's judgment against Fox is void for lack of jurisdiction because it requires the court to consider documentation outside the four corners of the promissory note to determine the amount due and owing. GJP asserts it was unfairly prejudiced by the court's confessed judgment against Fox, and that the trial court erred in refusing to grant its motion to vacate judgment after showing that the cognovit judgment against Fox was void.

{¶ 11} In response, Huntington argues that the primary focus of GJP throughout this litigation has been, erroneously, on the judgment against Fox. Huntington maintains that the trial court properly found that GJP does not have standing to challenge, by means of a motion to vacate, the judgment entered against Fox on the guaranty as GJP was not a party to that contract. We agree.

{¶ 12} In denying GJP's motion to dismiss Huntington's action and vacate the prior judgment against Fox, the trial court held in part:

[A] cognovit judgment was * * * rendered against Defendant Fox on June 29, 2011. That judgment remains of record and Defendant Fox has made no appearance in this case (with the exception of counsel appearing to confess judgment), and has never contested the judgment against her in this action. The action remains pending as to Defendant GJP only, with Defendant GJP having filed an Answer to Plaintiff's claims, as well as a Counterclaim against Plaintiff. Plaintiff's claims against Defendant GJP are based on the original Business Line of Credit Agreement, which did not contain a cognovit provision. Thus, Plaintiff made no attempt to obtain a cognovit judgment against Defendant GJP based on R.C. 2323.13, and has only obtained a cognovit judgment against Defendant Fox based on the Guaranty Agreement, which did in fact contain a cognovit provision.

The Court further finds * * * that the Motion to Dismiss and Vacate Judgment is essentially an attack by Defendant GJP on Plaintiff's cognovit judgment against Defendant Fox. However, Defendant GJP's counsel does not represent Defendant Fox, and in fact represents Mr. Petrosky in the divorce proceedings against Defendant Fox. As such, the Court finds that it is improper for Defendant GJP's counsel to bring such arguments before the Court.

{¶ 13} In general, under Ohio law a cognovit note "contains provisions designed to cut off defenses available to a debtor in the event of default." *Huntington Natl. Bank v. Royal Mt. Sterling Corp.*, 10th Dist. No. 12AP-174, 2012-Ohio-4514, ¶ 11. As such, the holder of a cognovit note that is in default "obtains a judgment without a trial of possible defenses that the signers of the note might otherwise assert * * * because, under a cognovit note, the debtor consents in advance to the holder obtaining a judgment without notice or hearing." *Id.* The debtor on a cognovit judgment "may pursue a Civ.R. 60(B) motion for relief from judgment." *Id.* at ¶ 12, citing *Masters Tuxedo Charleston, Inc. v. Krainock*, 7th Dist. No. 02 CA 80, 2002-Ohio-5235, ¶ 7.

{¶ 14} In the present case, as recognized by the trial court, Huntington's claims against GJP are based on the credit agreement, which does not contain a cognovit provision; further, we agree with the trial court that GJP's motion to vacate was an attack on the cognovit judgment against Fox. In its motion to dismiss Huntington's action and vacate the prior judgment, GJP argued that dismissal of the judgment against Fox was appropriate under Civ.R. 60(B).

{¶ 15} As indicated above, a debtor may seek relief from a cognovit judgment, and Civ.R. 60(B) provides relief from a judgment on motion by "a party or his legal representative." However, the commercial guaranty agreement in this case was signed by Fox individually, the sole party against whom the cognovit judgment was rendered, and GJP was not a "party" or "legal representative" who could seek to vacate the cognovit judgment entered against Fox. *See, e.g., Zanders v. Jones,* 1st Dist. No. C-920961 (Dec. 29, 1993) (Insurer had no standing to file a Civ.R. 60(B) motion on behalf of its insured because insurer was neither a "party" against whom the judgment was entered, nor a "legal representative" empowered to seek relief on behalf of a party who had not challenged judgment against him).

{¶ 16} As also noted by the trial court, Fox has never filed a Civ.R. 60(B) motion or otherwise sought to challenge the cognovit judgment rendered against her. Accordingly, we agree with the trial court that GJP cannot pursue relief on behalf of Fox with respect to the cognovit judgment, and we therefore conclude the trial court did not err in denying GJP's motion to dismiss and vacate the cognovit judgment against Fox. *See Augaitis v. Reichard,* 2d Dist. No. 13693 (June 28, 1993) (defendant did not have standing to bring Civ.R. 60(B) motion on behalf of party who had not sought Civ.R. 60(B) relief from judgment rendered against him). Similarly, we find no error with the trial court's determination that counsel for GJP was without authority to act on behalf of Fox as to the cognovit judgment.

{¶ 17} Accordingly, the arguments raised by GJP under the first, second, third, fourth, and sixth assignments of error, all challenging aspects of the trial court's cognovit judgment entered against Fox, are without merit and those assignments of error are hereby overruled.

{¶ 18} Under the fifth assignment of error, GJP contends the trial court erred by entering default judgment against Fox for $49,260.52, and thereafter granting summary judgment in favor of Huntington, and against GJP, for the same amount. GJP maintains that the court erred by failing to make the debtors "jointly and severally liable."

{¶ 19} GJP's contention that the court erred in failing to designate GJP and the guarantor (Fox) jointly and severally liable is without merit. Under Ohio law, "[t]he obligation of a guarantor is collateral and secondary to that of a principal debtor and is

fixed only by the inability of the principal debtor to discharge the obligation for which he is primarily liable." *Covitt v. Braff,* 7th Dist. No. 75 C.A. 45 (Nov. 5, 1975), citing *Madison Natl. Bank of London, Ohio v. Weber*, 117 Ohio St. 290, 293 (1927). *See also Jazwa v. Alesci,* 8th Dist. No. 69857 (Sept. 12, 1996) ("A guarantor's liability is secondary to that of the debtor, arising only upon the debtor's default in payment"). Thus, as a guarantor, Fox was not jointly and severally liable with GJP.

{¶ 20} We note that Huntington acknowledges it can collect only one amount, and maintains it has only obtained separate judgments against GJP and the guarantor (Fox) for one balance due (i.e., one satisfaction). We further note there is no indication in the record that the default judgment rendered against Fox (under the guaranty agreement) has ever been satisfied. Regardless, the trial court did not err in failing to designate GJP and Fox jointly and severally liable.

{¶ 21} Appellant's fifth assignment of error is without merit and is overruled.

{¶ 22} Under the seventh assignment of error, GJP contends the trial court erred in failing to address certain conflicts of interest. Specifically, GJP argues that attorney Kozelek had no authority to represent Fox or to confess judgment on her behalf, and GJP maintains the trial court should have granted its motion to strike the pleadings filed by Kozelek.

{¶ 23} The arguments of GJP are not persuasive in light of Ohio law regarding agreements containing cognovit (i.e., confession of judgment) provisions. As noted above, in the case of a contractual obligation containing a cognovit provision, "the debtor consents in advance to the holder obtaining a judgment without notice or hearing." *Royal Mt. Sterling* at ¶ 11. Under such circumstances, "[a]n attorney, whom the note holder may designate, appears on behalf of the debtor and, pursuant to provisions of the cognovit note, confesses judgment and waives the debtor's right to notice of the proceedings." *Id.* Furthermore, in the present case, any defense based upon an allegation that the attorney lacked authority to confess judgment would lie with Fox, the individual who executed the guaranty containing the cognovit provision. As already discussed, however, Fox has never challenged the authority of Kozelek to enter an appearance and confess judgment pursuant to the guaranty. GJP's seventh assignment of error is without merit and is overruled.

{¶ 24} In its eighth assignment of error, GJP challenges the trial court's grant of summary judgment in favor of Huntington. Under this assignment of error, GJP argues that the court failed to rule on its counterclaim, as well as its motion to strike the pleadings of Kozelek.

{¶ 25} Pursuant to Civ.R. 56(C), summary judgment shall be granted if the filings in the action, including the pleadings and affidavits, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." This court's review of a trial court's decision granting summary judgment is de novo. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.,* 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 24. In order to prevail on a motion for summary judgment, "the moving party has the initial burden to affirmatively demonstrate that there is no genuine issue of material fact to be resolved in the case, relying on evidence in the record pursuant to Civ.R. 56(C)." *Renzi v. Hillyer,* 11th Dist. No. 2012-L-041, 2012-Ohio-5579, ¶ 10, citing *Dresher v. Burt,* 75 Ohio St.3d 280, 292 (1996). If the moving party meets this initial burden, "the nonmoving party then bears the reciprocal burden to set forth specific facts which prove there remains a genuine issue to be litigated, pursuant to Civ.R. 56(E)." *Id.* at ¶ 10.

{¶ 26} In its motion for summary judgment, Huntington argued before the trial court that (1) GJP's obligation under the credit agreement had not been paid, (2) the answer filed by GJP "admits the existence of the credit agreement, and does not allege payment of the debt," and that (3) both the answer and counterclaim filed by GJP "raise issues and defenses related to Gerold Petrosky and Patricia Petrosky (Fox), that are not relevant to the liability of GJP on the obligation in question." Attached to Huntington's motion for summary judgment was the affidavit of Mark Mastenbrook, the "duly authorized representative and keeper of the records" of Huntington. In the affidavit, Mastenbrook avers that Huntington was the holder of the credit agreement, that GJP "has failed to pay in accordance with the terms of the Agreement * * * and that there is due * * * the principal sum of $49,260.52, together with accrued interest in the sum of $1,099.13 and late charges of $100.00 through June 3, 2011, plus interest." Also attached to Huntington's motion was a copy of the credit agreement signed by Petrosky on behalf of GJP.

{¶ 27} As noted under the facts, GJP did not file a response to Huntington's motion for summary judgment. Thus, while Huntington submitted evidentiary materials in its motion for summary judgment to establish the existence and terms of the credit agreement, as well as the affidavit of Mastenbrook averring GJP was in default and stating the amount owed, GJP provided no affidavits or other evidence denying it owed the amount alleged, or that the amount alleged was incorrect. Based upon this court's de novo review, the trial court properly granted summary judgment in favor of Huntington. *See*, *e.g.*, *Discover Bank v. Doran,* 10th Dist. No. 10AP-496, 2011-Ohio-205, ¶ 16 (affirming summary judgment in favor of plaintiff bank; once plaintiff presented uncontroverted evidence that defendant was in default under agreement, defendant failed to meet reciprocal burden by providing affidavit or any other evidence as required by Civ.R. 56 that would have created a genuine issue of material fact).

{¶ 28} GJP also contends the trial court, in granting summary judgment in favor of Huntington, erred in failing to rule on its motion to strike the pleadings filed by attorney Kozelek. Under Ohio law, however, "[w]hen a trial court fails to rule upon a motion, it will be presumed that it was overruled." *Georgeoff v. O'Brien*, 105 Ohio App.3d 373, 378 (9th Dist.1995), citing *Newman v. Al Castrucci Ford Sales, Inc.,* 54 Ohio App.3d 166, 169 (1st Dist.1988). Further, as discussed under the preceding assignment of error, any argument with respect to the authority of Kozelek to file the pleadings at issue would lie with Fox, not GJP.

{¶ 29} Accordingly, GJP's eighth assignment of error is not well-taken and is overruled.

{¶ 30} Under the ninth assignment of error, GJP asserts that the trial court erred in failing to find service was defective. In its motion to dismiss Huntington's action, GJP argued before the trial court that it was never properly served with the complaint. GJP contends that service was attempted upon it at an address GJP never used, i.e., the current address of Fox, the ex-wife of Petrosky, GJP's CEO.

{¶ 31} In response, Huntington argues that GJP was properly served on December 21, 2011, and thus the trial court had jurisdiction over that party. Upon review, we agree.

{¶ 32} The record indicates that the initial complaint, filed on June 20, 2011, set forth the same address (Ashville Park Dr., Columbus) for both GJP and Fox. While service was made on Fox at that address, service as to GJP was refused. On September 6, 2011, GJP filed an answer, which included an allegation that Huntington had failed to serve GJP with the complaint. The record further reflects, however, that service upon GJP was effectuated on December 21, 2011 (at an address other than Ashville Park Dr., Columbus). Accordingly, GJP has not demonstrated that the trial court lacked jurisdiction over the parties. GJP's ninth assignment of error is without merit and is overruled.

{¶ 33} Based upon the foregoing, GJP's nine assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

SADLER, P.J., and CONNOR, J., concur.

_____