[Cite as *Catudal v. Netcare Corp.*, 2015-Ohio-4044.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Chance Catudal, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 15AP-133 |
| v. | : | (C.P.C. No. 13CV-8050) |
| Netcare Corporation et al., | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |

# D E C I S I O N

## Rendered on September 30, 2015

*Chance Catudal*, pro se.

*Kegler Brown Hill + Ritter Co., LPA, Timothy T. Tullis* and *Rebecca Roderer Price*, for appellees.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Plaintiff-appellant, Chance Catudal, appeals a judgment of the Franklin County Court of Common Pleas finding him to be a vexatious litigator pursuant to R.C. 2323.52. For the following reasons, we affirm the judgment.

{¶ 2} On July 24, 2013, Catudal filed suit against defendants-appellees, Netcare Corporation, Terry Kukor, Dusan Makel, Austin King Stumpp, and Brian P. O'Reilly.[1] The suit arose out of a competency evaluation that O'Reilly performed of Catudal pursuant to a court order issued in a criminal action against Catudal. According to the complaint, O'Reilly testified falsely at a hearing in the criminal action. The complaint alleged that each of the individual defendants were negligent and entered into a civil conspiracy to

---

[1] The individual defendants are all employees of Netcare Corporation.

harm Catudal.  Additionally, the complaint sought damages for loss of consortium and intentional inflectional of emotional distress.

{¶ 3}  Defendants answered the complaint and filed a counterclaim requesting that the trial court declare Catudal a vexatious litigator under R.C. 2323.52. Subsequently, defendants moved for summary judgment on their counterclaim.  In their motion, defendants asserted that, since 2012, Catudal has filed five cases in the Franklin County Municipal Court, ten cases in the Franklin County Court of Common Pleas, and eleven cases in the Tenth District Court of Appeals.  The genesis of all this litigation is Catudal's belief that he has been treated unjustly in the criminal action against him and in a domestic relations proceeding involving his ex-wife.  Catudal has responded to the perceived injustice by suing individuals involved in the criminal and domestic relations matters if they take any action that Catudal deems adverse to his interests.  Catudal has leveled accusations of negligence, dishonesty, and/or civil conspiracy in actions against the law enforcement personnel whose investigation led to the criminal charge against him, the guardian ad litem ("GAL") appointed for his daughter in the domestic relations matter, his ex-wife's father and attorneys, an attorney who represented him in the criminal matter, and his own uncle, who recommended the criminal attorney.

{¶ 4}  Defendants also pointed out in their summary judgment motion that, prior to commencement of the instant action, a judge of the Domestic Relations Division of the Franklin County Court of Common Pleas had declared Catudal a vexatious litigator. Before making that declaration, the judge had warned Catudal that he was engaging in conduct that could lead to vexatious litigator status.  On appeal of the judgments containing the warning, we found the judge's words appropriate, stating:

> We * * * agree with the trial court that a warning was proper, given the huge number and questionable merits of appellant's filings.  The trial court explained that appellant's filings were incoherent; were meant to harass appellee, the GAL, and the court; and had no basis in law.

*Catudal v. Catudal*, 10th Dist. No. 12AP-951, 2013-Ohio-2748, ¶ 21.  However, on appeal of the vexatious litigator finding, we were forced to reverse the trial court's judgment because the opposing party sought the vexatious litigator finding in a motion instead of a

cause of action asserted in a complaint as required by R.C. 2323.52(B). *Catudal v. Catudal*, 10th Dist. No. 13AP-492, 2013-Ohio-4801, ¶ 5-6.

{¶ 5} After responding to defendants' motion for summary judgment, Catudal filed his own motion for summary judgment on the counterclaim. Catudal argued that the trial court could not declare him a vexatious litigator because no court had previously awarded sanctions against him under R.C. 2323.51 for frivolous conduct. Essentially, Catudal asserted that a prior finding that he had engaged in frivolous conduct as defined in R.C. 2323.51 was a prerequisite for declaring him a vexatious litigator under R.C. 2323.52.

{¶ 6} In a judgment dated January 27, 2015, the trial court granted defendants' motion for summary judgment and declared Catudal a vexatious litigator. Catudal now appeals from that judgment, and he assigns the following errors:

> (1) The Trial Court erred and abused its discretion in granting Defendants' Motion for Summary Judgment on their Counter Claim.
>
> (2) The Trial Court erred and abused its discretion in not granting Plaintiff's Motion for Summary Judgment.

{¶ 7} Catudal's two assignments of error challenge the trial court's summary judgment decision. A trial court will grant summary judgment under Civ.R. 56 when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 8} By his first assignment of error, Catudal argues that the trial court erred in relying on his behavior in other proceedings to conclude that he qualified as a vexatious

litigator. This argument fails for two reasons. First, Catudal did not raise this argument below, and consequently, he has waived it. *Niskanen v. Giant Eagle, Inc.*, 122 Ohio St.3d 486, 2009-Ohio-3626, ¶ 34 (holding that a party who fails to raise an argument in the court below waives his or her right to raise it on appeal). Second, the plain language of R.C. 2323.52 contravenes this argument. Pursuant to R.C. 2323.52(A)(3), a "vexatious litigator" is "any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or *actions*." (Emphasis added.) By including the word "actions," the statute permits a court to examine other actions that a person has participated in to determine if that person is a vexatious litigator. *See Buoscio v. Macejko*, 7th Dist. No. 00-CA-00138, 2003-Ohio-689, ¶ 33 ("Under R.C. 2323.52(A)(3), a person's behavior in prior civil actions can also form the basis for declaring him a vexatious litigator."); *Georgeadis v. Dials*, 10th Dist. No. 99AP-232 (Dec. 9, 1999) (agreeing with the trial court that the appellant fit the definition of a vexatious litigator because her vexatious conduct was demonstrated by both the instant action and prior actions). Therefore, we conclude that the trial court did not err in reviewing Catudal's conduct in other proceedings to adjudge whether he was a vexatious litigator, and we overrule the first assignment of error.

{¶ 9} Before addressing the merits of Catudal's second assignment of error, we must determine whether we have two final, appealable orders before us, or only one. Defendants argue that the judgment granting them summary judgment on the counterclaim is a final, appealable order, but the judgment denying Catudal summary judgment on the counterclaim is not. Defendants thus contend that we cannot review Catudal's second assignment of error.

{¶ 10} As an initial matter, we note that the trial court did not rule on Catudal's motion for summary judgment. Generally, when a trial court fails to rule on a motion, we presume that it was denied. *Huntington Natl. Bank v. G.J.P. Properties, LLC*, 10th Dist. No. 12AP-1008, 2014-Ohio-124, ¶ 28. We, therefore, will presume that the trial court denied Catudal's motion for summary judgment, and we will consider whether that denial constitutes a final, appealable order.

{¶ 11} Article IV, Section 3(B)(2) of the Ohio Constitution establishes that courts of appeals "have such jurisdiction as may be provided by law to review and affirm, modify, or

reverse judgments or final orders of the courts of record inferior to the court of appeals within the district."   Pursuant to R.C. 2505.03(A), appellate courts may review final orders, judgments, and decrees.  *Flynn v. Fairview Village Retirement Community, Ltd.*, 132 Ohio St.3d 199, 2012-Ohio-2582, ¶ 5.  To qualify as a final, appealable order, the order, judgment, or decree must satisfy the criteria of R.C. 2505.02.  *Id.*

{¶ 12} Judgments that declare an individual to be a vexatious litigator are final, appealable orders under R.C. 2505.02(B)(4).  *Askin v. Askin*, 10th Dist. No. 13AP-404, 2013-Ohio-5606, ¶ 12; *Whipps v. Ryan*, 10th Dist. No. 12AP-685, 2013-Ohio-4382, ¶ 16. R.C. 2505.02(B)(4) defines a final, appealable order as:

> An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

A "provisional remedy" is "a proceeding ancillary to an action."  R.C. 2505.02(A)(3).

{¶ 13} A vexatious litigator proceeding is an ancillary proceeding to the underlying action and, thus, meets the definition of provisional remedy.  *Whipps* at ¶ 14.  Moreover, a judgment declaring a person to be a vexatious litigator is a final determination as to vexatious litigator status, and a later attempt to appeal that judgment would not provide a meaningful or effective remedy.  *Id.*  Consequently, a declaration that a person is a vexatious litigator satisfies the requirements of R.C. 2505.04(B)(4).

{¶ 14} Unlike the declaration of vexatious litigator status, the denial of a motion for summary judgment generally is not a final, appealable order.  *Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, ¶ 11.  Such a ruling does not normally constitute a final, appealable order because it does not determine the action and prevent a judgment.  *Celebreeze v. Netzley*, 51 Ohio St.3d 89, 90 (1990).  Rather, the denial of a motion for summary judgment induces further proceedings; namely, a trial.

{¶ 15} For the same reason, the denial of a motion for summary judgment on the vexatious litigator issue usually does not constitute a final, appealable order. In most cases, if a trial court refuses to declare a person a vexatious litigator on summary judgment, then the matter will proceed to trial. R.C. 2323.52(C) ("A civil action to have a person declared a vexatious litigator shall proceed as any other civil action."). Thus, a party appealing a denial of such a motion will not be able to satisfy R.C. 2505.02(B)(4)(a), which requires the judgment at issue to determine the action with respect to the provisional remedy and prevent a judgment in favor of the appealing party with respect to the provisional remedy.

{¶ 16} Here, however, because the trial court denied Catudal's motion for summary judgment on the counterclaim at the same time it granted defendants' motion for summary judgment on the counterclaim, no trial on the counterclaim will occur. Given this outcome, the denial of Catudal's motion for summary judgment is a final, appealable order for the same reasons a declaration of vexatious litigator status is a final, appealable order. The trial court has conclusively determined that Catudal is a vexatious litigator, and this appeal presents the sole forum in which Catudal may seek review of the argument he asserted against that determination in his motion for summary judgment. Accordingly, we conclude that we have two final, appealable orders before us: the grant of defendants' motion for summary judgment and the denial of Catudal's motion for summary judgment. Because the denial of Catudal's motion is a final, appealable order, we will decide the merits of Catudal's second assignment of error.

{¶ 17} By his second assignment of error, Catudal asserts no specific argument; rather, he merely states that the trial court ignored the facts and law contained in his motion for summary judgment. To the extent that this argument alleges error in the trial court's failure to rule on Catudal's motion, it is unpersuasive. As we stated above, in the absence of a ruling on a motion, we presume that the trial court denied the motion. *Huntington Natl. Bank*, 2014-Ohio-124, at ¶ 28. Consequently, a trial court's failure to rule on a motion is not, ordinarily, a reason for reversal. *Burkhart v. Burkhart*, 191 Ohio App.3d 169, 2010-Ohio-5363, ¶ 30 (10th Dist.). We, instead, review the argument presented in the motion to determine whether it presents a basis for reversal. *Id.*

{¶ 18} In his motion for summary judgment, Catudal argued that defendants could not seek to have him declared a vexatious litigator unless they first sought and received relief under R.C. 2323.51. We disagree.

{¶ 19} While R.C. 2323.51 and 2323.52 sanction similar conduct, they provide different remedies. Pursuant to R.C. 2323.51, a court may award court costs, reasonable attorney's fees, and other reasonable expenses to any party adversely affected by another party's frivolous conduct. R.C. 2323.52, on the other hand, restricts those individuals declared to be vexatious litigators from making frivolous filings by requiring such individuals to seek leave of court before proceeding.

{¶ 20} Nothing in either statute precludes a party who has received an award of expenses under R.C. 2323.51 from later requesting relief under R.C. 2323.52 as well. *Roo v. Sain*, 10th Dist. No. 04AP-881, 2005-Ohio-2436, ¶ 15. Likewise, nothing in either statute requires a party to seek and obtain the R.C. 2323.51 remedy before asking for a vexatious litigator declaration under R.C. 2323.52. Accordingly, we conclude that Catudal's avoidance of prior R.C. 2323.51 sanction did not bar the trial court from declaring him a vexatious litigator, and we overrule Catudal's second assignment of error.

{¶ 21} For the foregoing reasons, we overrule both of Catudal's assignments of error, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and HORTON, JJ., concur.

————————————