[Cite as *DeWine v. Morgan*, 2017-Ohio-5600.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Michael DeWine Attorney General,      :

          Plaintiff-Appellee,       :          No. 16AP-592
                                                     (C.P.C. No. 15CV-1367)
v.                                              :

                                                       (ACCELERATED CALENDAR)
Gregory B. Morgan,                  :

          Defendant-Appellant.      :

---

D E C I S I O N

Rendered on June 29, 2017

---

**On brief:** *Michael DeWine*, Attorney General, and *Daniel R. Forsythe*, for appellee. **Argued:** *Daniel R. Forsythe*.

**On brief:** *Gregory B. Morgan*, pro se. **Argued:** *Gregory B. Morgan*.

---

APPEAL from the Franklin County Court of Common Pleas

PER CURIAM.

{¶ 1} Gregory B. Morgan, defendant-appellant, appeals from the judgment of the Franklin County Court of Common Pleas, in which the court granted the motion for summary judgment filed by Michael DeWine, Ohio Attorney General ("OAG"), plaintiff-appellee.

{¶ 2} Appellant's litigation history is extensive. Generally, in 2006, appellant began receiving dental care from The Ohio State University College of Dentistry ("OSU Dental"), which is part of The Ohio State University ("OSU"). Appellant claims OSU Dental was negligent in its dental care. On March 22, 2010, appellant filed an action in the Court of Claims of Ohio against OSU Dental, alleging malpractice, breach of contract, and

aiding and abetting ("first malpractice action"). After a four-day trial, the jury returned a verdict in favor of OSU Dental. We affirmed the Court of Claims' decision in *Morgan v. Ohio State Univ. College of Dentistry*, 1oth Dist. No. 13AP-287, 2014-Ohio-1846 ("*Morgan I*"), which contains a more thorough treatment of the underlying factual details. Appellant appealed to the Supreme Court of Ohio, which declined jurisdiction in *Morgan v. Ohio State Univ. College of Dentistry*, 140 Ohio St.3d 1522, 2014-Ohio-5251.

{¶ 3}   Also in 2010, during the litigation of the first malpractice action, appellant filed another case against OSU Dental in the Court of Claims ("second malpractice action").  Appellant claimed he was forced to file this second malpractice action due to the court's refusal to allow him to amend his complaint in the first malpractice action. The Court of Claims dismissed the second malpractice action, finding appellant was attempting to appeal the judge's decision to deny his motion for leave to amend in the first malpractice action by filing the second malpractice action.

{¶ 4}   Also in 2010, appellant filed an action ("third malpractice action") in the Franklin County Court of Common Pleas against the individual OSU Dental providers based on the same conduct in the first malpractice action. Appellant contended the Court of Claims' judge told him he should file such an action to preserve the statute of limitations.  The common pleas court dismissed the action.

{¶ 5}   In 2014, appellant filed an action in the Court of Claims against OSU Dental ("fourth malpractice action"), which included "new" claims based on the same circumstances raised in the first malpractice action. The Court of Claims dismissed the fourth malpractice action.

{¶ 6}   Also in 2014, appellant filed an action in the Court of Claims against the OAG ("constitutional-violations action"), alleging the trial judge and trial counsel violated his constitutional rights in the first malpractice action. The Court of Claims dismissed the action because it lacked jurisdiction to consider constitutional claims. Appellant appealed, and this court affirmed the judgment of the Court of Claims in *Morgan v. Atty. Gen. of Ohio*, 10th Dist. No. 15AP-455, 2016-Ohio-778.

{¶ 7}   Also in 2014, appellant filed an action in federal court ("federal court action"), asserting various claims against the trial judge and trial counsel from the first malpractice action. The federal court dismissed the action, sua sponte, for failure to state

a claim. Appellant attempted to appeal, but his motion to proceed in forma pauperis was denied.

{¶ 8} On February 13, 2015, the OAG filed the instant action, seeking a declaration that appellant was a vexatious litigator.  On September 1, 2015, the OAG filed a motion for summary judgment. After the trial court granted appellant a stay due to pending surgery, the case was reactivated on March 14, 2016.

{¶ 9} On August 12, 2016, the trial court granted the OAG's motion for summary judgment. The court found appellant failed to support his arguments with any Civ.R. 56(C) evidence to establish the existence of genuine issues of material fact. The materials he attached to his memorandum contract were not authenticated.  The court further found that numerous courts have reviewed appellant's claims and allegations and found them to be without merit. The court stated appellant's habitual and consistent conduct was not warranted under existing law and not supported by a good-faith argument for an extension, modification, or reversal of existing law, and has served to harass and maliciously injure his opponents. The court concluded the OAG's exhibits support a declaration of vexatious litigator pursuant to R.C. 2323.52.

{¶ 10} Appellant appeals the trial court's decision, asserting the following assignment of error:

> The trial Court abused its discretion and the subjective nature of a ruling on appellee's motion for summary judgment when it disregarded Civ[.] R. 56(E) and granted that motion for summary judgment, when the complaints filed by appellant do not suggest vexatious behavior. Additionally there are issues of credibility to be examined at trial as well as additional evidence related to those complaints not presented in [appellee's] motion for summary judgment that should be examined at trial.

{¶ 11} Appellant argues in his assignment of error that the trial court erred when it granted summary judgment. Summary judgment is appropriate when the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the non-moving party and that conclusion is adverse to the non-moving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158,

2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, LLC*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 12} When seeking summary judgment on the ground that the non-moving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party does not discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that the non-moving party has no evidence to prove its case. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the non-moving party has no evidence to support its claims. *Id.* If the moving party meets its burden, then the non-moving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Dresher* at 293. If the non-moving party does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party. *Id.*

{¶ 13} R.C. 2323.52(A)(3) provides that a vexatious litigator is a person "who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions."  The statute defines vexatious conduct as the conduct of a party in a civil action that (a) obviously serves merely to harass or maliciously injure another party to the civil action, (b) is not warranted under existing law and cannot be supported by a good-faith argument for an extension, modification, or reversal of existing law, or (c) is imposed solely for delay. R.C. 2323.52(A)(2)(a) through (c).

{¶ 14} " 'The purpose of the vexatious litigator statute is clear. It seeks to prevent abuse of the system by those persons who persistently and habitually file lawsuits without reasonable grounds and/or otherwise engage in frivolous conduct in the trial courts of this state. Such conduct clogs the court dockets, results in increased costs, and oftentimes is a waste of judicial resources - - resources that are supported by the taxpayers of this state. The unreasonable burden placed upon courts by such baseless litigation prevents the

speedy consideration of proper litigation.' " *Mayer v. Bristow*, 91 Ohio St.3d 3, 13 (2000), quoting *Cent. Ohio Transit Auth. v. Timson*, 132 Ohio App.3d 41, 50 (10th Dist.1998).

{¶ 15} As this court has previously held, a person need not engage in repetitive actions in order to be deemed a vexatious litigator, and such a finding can be based on the actions in a single case. *Roo v. Sain*, 10th Dist. No. 04AP-881, 2005-Ohio-2436, ¶ 18 ("[t]his court has specifically found that separate, repetitive actions are not necessary for a vexatious litigator finding, and such a finding can be based upon actions in a single case"); *Farley v. Farley*, 10th Dist. No. 02AP-1046, 2003-Ohio-3185, ¶ 48. Additionally, a court may examine other actions to determine whether a person is a vexatious litigator. *Catudal v. Netcare Corp.*, 10th Dist. No. 15AP-133, 2015-Ohio-4044, ¶ 8. The critical inquiry is the nature of the conduct, not the number of actions. *Roo* at ¶ 18, citing *Borger v. McErlane*, 1st Dist. No. C-010262 (Dec. 14, 2001).

{¶ 16} In the present case, appellant asserts there is a large amount of evidence that has not been submitted by the OAG, including briefs, depositions, and other critical evidence that explains his motivation for filing each case that he did, and the court needed to resolve issues of credibility regarding the OAG's witnesses, which is not appropriate for summary judgment purposes. Appellant claims his motivation for filing the cases stems from a denial of due process and a flagrant disregard for the rules of court and rules of evidence on the part of the court, rather than harassment, delay, and frivolous conduct. Appellant also contends he filed suit in an attempt to amend or change the law.

{¶ 17} We have reviewed the record, the factual background, and appellant's arguments. We first note appellant's brief contains many extraneous arguments and facts that are not germane to the issues pertinent to the present appeal. Furthermore, appellant discusses alleged private conversations with OSU Dental employees, alleged lies by OSU Dental employees, Ohio doctors who were allegedly unwilling to be expert witnesses for fear of reprisal from OSU Dental, and an alleged discussion with Ohio House Representative Jim Butler that prompted Butler to draft bills to change Ohio law to allow jury trials and constitutional actions in the Court of Claims. However, all of these claims lack any supporting evidence.

{¶ 18} Notwithstanding, appellant attempts to explain his actions. He claims he filed the second malpractice action because, during discovery in the first malpractice

action, he discovered deception that OSU Dental doctors perpetrated to conceal their malpractice from him and when he sought to amend his complaint in his first malpractice action to add causes of action, the court denied it, so he was forced to file the second malpractice action. He claims it is ludicrous to suggest he frivolously filed the second malpractice action to harass OSU Dental. Although he admits the second malpractice claim stems from the same facts as the first malpractice action, the second malpractice action added claims of fraudulent concealment and civil conspiracy not related to the medical negligence of the doctors.

{¶ 19} With regard to the third malpractice action filed in the common pleas court, appellant claims the Court of Claims' judge urged him to file the common pleas action against OSU Dental doctors during a telephone status conference in order to preserve the statute of limitations. Appellant alleges that OSU Dental's attorney knew the judge was instructing him to file the third malpractice action prematurely but said nothing. Appellant contends he did not file the third malpractice action to harass or delay, as the doctors had acted outside the scope of their employment when they engaged in a conspiracy to cover up their malpractice.

{¶ 20} Appellant also explains why he staged several protests outside OSU College of Dentistry, posted negative consumer reviews online, and participated in an interview with the OSU school newspaper about his protests and claims. Although OSU cites such activities as evidence of their claim that appellant's goal in filing his myriad legal actions was to harass, appellant claims that his goal was not to harass OSU Dental but effect positive change at the school. Appellant asserts that during the deposition of several doctors, the doctors made many contradictory statements and lied. He claims that after he learned the doctors were prepared to lie under oath and realized their incredible dishonesty, he felt it was his duty to bring their conduct to the attention of the public and OSU. He further claims that during the protests, OSU Dental employees walked beside him slowly and whispered that OSU Dental needed a "shake up," but they could not be seen speaking to him, lest they be terminated. He also claims the OSU newspaper article about his claims and protests resulted in treatment and protocol changes at the dental school; thus, he asserts his protests were successful.

{¶ 21} In his brief, appellant also explains why he filed actions against the trial judge from the first malpractice action. He claims that, during the first malpractice action, he was denied his first, fifth, and fourteenth amendment rights when the judge made serious errors showing he lacked knowledge of the case after being assigned a short time before trial due to the retirement of two other judges. His main argument is that the judge denied his motion to allow his previously deposed medical expert to submit a supplemental report testifying as to proximate cause, which the expert failed to do in the first deposition. Further, appellant asserts the judge made errors during the first trial regarding witness credibility. Appellant claims the judge failed to acknowledge the many contradictory statements OSU Dental witnesses made and specifically indicated he did not care if the witnesses were lying. Finally, appellant contends the trial judge erroneously ruled appellant had withdrawn his breach of contract and aiding-and-abetting claims at trial. As a result, appellant claims he was forced to file the action alleging constitutional violations. He asserts that his actions sought to change the law to give litigants a court they can turn to when their constitutional rights are violated.

{¶ 22} Appellant also explains why he filed his federal case against the trial judge and OAG attorneys. He indicates that these cases were not to harass but to confront injustice and contest the state officials' abuse of power.

{¶ 23} After a review of the record and appellant's arguments on appeal, we find appellant's arguments are without merit. Initially, OSU Dental points to a variety of pleadings filed by appellant that had no basis under existing law and could not be supported by a good-faith argument for a reversal of existing law. In the first malpractice action, although he did not explicitly request it, it appears that appellant sought, via a motion for temporary restraining order, to prevent students who performed dental work on him from moving outside of the jurisdiction of the court. Such a request was frivolous. The Court of Claims denied the motion, finding there was an adequate remedy at law via usual discovery methods. Also in the first malpractice action, appellant subpoenaed OSU President Gordon Gee for a deposition. OSU Dental filed a motion to quash the subpoena because Gee is a high-ranking official who has no personal knowledge of the facts of the matter, and the Court of Claims quashed the subpoena. These pleadings had no basis

under existing law and were frivolous, resulting in a needless waste of time, money, and energy.

{¶ 24} With regard to the second malpractice action, in which appellant filed another complaint based on the same underlying facts as in his first malpractice action, OSU Dental also points out that appellant attached a note to his second malpractice complaint in which he indicated he was going to personally contact OSU President Gee and members of the OSU Board of Trustees, an act suggestive of a threat or harassment.

{¶ 25} Furthermore, although appellant relies on alleged comments whispered to him by OSU Dental employees during his OSU campus demonstrations, as well as the alleged fallout from the OSU newspaper article detailing his claims and a bill introduced by Representative Butler allegedly on behalf of appellant to support his view that his claims were not frivolous, he presented no evidence to support any of these allegations, as mentioned above. These claims, having been raised without any evidentiary support, are deemed frivolous.

{¶ 26} Also, appellant contends the trial judge made errors during the first trial regarding the credibility of the OSU Dental witnesses. Appellant claims this was a factor in filing additional cases against the judge. However, we first note that appellant had the opportunity to raise such error in *Morgan I*, and did raise the credibility of one of OSU Dental's witnesses in his original appeal. Notwithstanding, appellant's challenging of the trial court's determination of witness credibility from the first malpractice action was not a valid basis for filing the subsequent original actions. In a bench trial, there is a presumption that the trial court is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony. *State v. Cattledge*, 10th Dist. No. 10AP-105, 2010-Ohio-4953, ¶ 6, citing *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984). Accordingly, the trial court is afforded great deference to the determination of witness credibility. *State v. Redman*, 10th Dist. No. 10AP-654, 2011-Ohio-1894, ¶ 26, citing *State v. Jennings*, 10th Dist. No. 09AP-70, 2009-Ohio-6840, ¶ 55. An original action filed against a trial judge is not the proper action to address the trial court's determination of witness credibility at trial.

{¶ 27} With regard to appellant's argument that he was forced to file the second malpractice action to add causes of actions that the Court of Claims prohibited him from raising via an amendment to his original complaint, we already addressed this in *Morgan I*, in which we found the trial court did not abuse its discretion when it denied appellant leave to amend his complaint. *Id.* at ¶ 51. We concluded that justice did not require the amendment of appellant's complaint, as the trial court granted appellant a full and complete opportunity to introduce evidence concerning his grievances against OSU Dental, and appellant did not argue at the conclusion of trial that he had established that OSU Dental is liable for fraudulent conduct, civil conspiracy, or battery, nor did he ask the court to conform the complaint to the evidence. Thus, appellant's filing of a second complaint was not the proper method to raise these issues, and we find it frivolous.

{¶ 28} Finally, with regard to appellant's argument that he filed the subsequent action against the trial judge because the judge improperly denied his motion to allow his previously deposed medical expert to submit a supplemental report testifying to proximate cause, we also addressed this issue in *Morgan I*. We first note that the trial judge granted appellant's motion to provide a supplemental expert report of the doctor but limited the doctor's testimony to the opinions he expressed in his deposition. We concluded that the ruling was an in limine order, and appellant failed to proffer the evidence during trial to allow the court to make a final ruling; thus, appellant did not preserve for appellate review any error. We also found that, notwithstanding appellant's failure to preserve the issue for appeal, the doctor's deposition contained his opinions regarding proximate cause so appellant could have questioned the doctor regarding issues of proximate cause as expressed in his deposition while still complying with the trial court's in limine order. *See Morgan I* at ¶ 33-36. Therefore, appellant raised this alleged error on appeal in *Morgan I*, and it was not a proper basis for filing an original action against the trial judge. His attempt to do so constituted a frivolous action.

{¶ 29} In sum, appellant lost his first malpractice action and appeal in *Morgan I* but continues to pursue the same. Appellant continues to litigate and re-litigate issues already resolved in the first malpractice action and *Morgan I* and has not accepted that his claims have been rejected at every legal turn. The legal claims have been rejected in every case because they are not warranted under existing law and cannot be supported by

a good-faith argument for an extension, modification, or reversal of existing law. Even in his appellate brief in the present case, appellant continues to assert many arguments related to perceived wrongs and deficiencies occurring in *Morgan I* and even repeats arguments this court already rejected in his original appeal in *Morgan I*. Appellant continues to pursue these matters although the courts have determined he failed to present a meritorious case for medical malpractice. Although appellant couches all of his actions subsequent to the first malpractice action in various other legal terms, they all consistently and persistently reargue the merits of the original case and seek to right perceived wrongs suffered. We find the trial court did not err in granting summary judgment. No genuine issues of material fact remained, and the OAG was entitled to judgment as a matter of law because appellant persistently and habitually filed lawsuits without reasonable grounds and engaged in frivolous conduct. Therefore, appellant's single assignment of error is overruled.

{¶ 30} Accordingly, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN, J., TYACK, P.J., & DORRIAN, J., concur.

_____