[Cite as *O'Shaughnessy v. Ibanez*, 2017-Ohio-662.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Maryellen O'Shaughnessy,<br>Franklin County Clerk of Courts, | : | |
| | : | No. 16AP-639 |
| Petitioner-Appellee, | | (C.P.C. No. 16CV-4577) |
| | : | |
| v. | | (ACCELERATED CALENDAR) |
| | : | |
| Regina M. Ibanez, | | |
| | : | |
| Respondent-Appellant. | | |
| | : | |
| Michael DeWine,<br>Ohio Attorney General, | : | |
| Petitioner-Appellee, | : | No. 16AP-640 |
| | | (C.P.C. No. 16CV-5060) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Regina M. Ibanez, | : | |
| Respondent-Appellant. | : | |

D E C I S I O N

Rendered on February 23, 2017

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Scott J. Gaugler*, for appellee Franklin County Clerk of Courts. **Argued:** *Scott J. Gaugler.*

**On brief:** *Regina M. Ibanez*, pro se. **Argued:** *Regina M. Ibanez.*

**On brief:** *Michael DeWine,* Attorney General, and *Stefan J. Schmidt*, for appellee Ohio Attorney General. **Argued:** *Stefan J. Schmidt.*

APPEALS from the Franklin County Court of Common Pleas

PER CURIAM.

{¶ 1}   Respondent-appellant, Regina M. Ibanez, appeals from a judgment of the Franklin County Court of Common Pleas granting preliminary and permanent injunctions declaring Ibanez to be a vexatious litigator in two consolidated cases.  For the following reasons, we affirm.

## I.  Facts and Procedural History

{¶ 2}   On May 12, 2016, petitioner-appellee, Maryellen O'Shaughnessy, Franklin County Clerk of Courts, filed a complaint in Franklin C.P. No. 16CV-4577 ("the first case") seeking to have Ibanez declared a vexatious litigator.  The clerk of courts then filed a motion for preliminary injunction and for an order consolidating the permanent injunction hearing with the preliminary injunction hearing.  Subsequently, on May 26, 2016, petitioner-appellee, Michael DeWine, Ohio Attorney General, filed a separate complaint in Franklin C.P. No. 16CV-5060 ("the second case") seeking to have Ibanez declared a vexatious litigator.  The trial court consolidated the first case and the second case in a June 6, 2016 order.

{¶ 3}   The trial court conducted hearings on the consolidated cases on August 5 and August 26, 2016.  Following the hearings, the trial court issued a decision and entry on September 8, 2016 finding Ibanez to be a vexatious litigator and granting the requested injunctive relief.  In its decision, the trial court noted that Ibanez routinely and repeatedly filed petitions for civil stalking protection orders and/or civil sexually oriented offense protection orders against persons who, by Ibanez's own admission, have never physically touched Ibanez and who have had no contact with her outside of their professional positions or outside of the courthouse.  Specifically, the trial court found "[t]here has not been one instance, in the cases before this Court that involve judges, magistrates, employees of the Clerk of Court's office (including the Clerk of Courts herself), or any other filings where a [protection order] would be proper."  (Sept. 8, 2016 Decision & Entry at 6.) Ibanez timely appeals.

## II.  Assignments of Error

{¶ 4}   On appeal, Ibanez assigns for our review 13 errors in the trial court's decision and entry as it relates to the clerk of courts and 16 errors as it relates to the Ohio

Attorney General. Taken together, all of Ibanez's 29 assignments of error assert the trial court erred in declaring Ibanez to be a vexatious litigator.

## III. Discussion

{¶ 5} R.C. 2323.52, Ohio's vexatious litigator statute, provides in pertinent part:

(A) As used in this section:

(1) "Conduct" has the same meaning as in section 2323.51 of the Revised Code.

(2) "Vexatious conduct" means conduct of a party in a civil action that satisfies any of the following:

(a) The conduct obviously serves to merely harass or maliciously injure another party to the civil action.

(b) The conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

(c) The conduct is imposed solely for delay.

(3) "Vexatious litigator" means any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions. * * *

(B) A person, the office of the attorney general, or a prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a municipal corporation who has defended against habitual and persistent vexatious conduct in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court may commence a civil action in a court of common pleas with jurisdiction over the person who allegedly engaged in the habitual and persistent vexatious conduct to have that person declared a vexatious litigator. The person, office of the attorney general, prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a municipal corporation may commence this civil action while the civil action or actions in which the habitual and persistent vexatious conduct occurred

are still pending or within one year after the termination of the civil action or actions in which the habitual and persistent vexatious conduct occurred.

* * *

(D)

(1) If the person alleged to be a vexatious litigator is found to be a vexatious litigator, subject to division (D)(2) of this section, the court of common pleas may enter an order prohibiting the vexatious litigator from doing one or more of the following without first obtaining the leave of that court to proceed:

(a) Instituting legal proceedings in the court of claims or in a court of common pleas, municipal court, or county court;

(b) Continuing any legal proceedings that the vexatious litigator had instituted in any of the courts specified in division (D)(1)(a) of this section prior to the entry of the order;

(c) Making any application, other than an application for leave to proceed under division (F)(1) of this section, in any legal proceedings instituted by the vexatious litigator or another person in any of the courts specified in division (D)(1)(a) of this section.

* * *

(3) A person who is subject to an order entered pursuant to division (D)(1) of this section may not institute legal proceedings in a court of appeals, continue any legal proceedings that the vexatious litigator had instituted in a court of appeals prior to entry of the order, or make any application, other than the application for leave to proceed allowed by division (F)(2) of this section, in any legal proceedings instituted by the vexatious litigator or another person in a court of appeals without first obtaining leave of the court of appeals to proceed pursuant to division (F)(2) of this section.

{¶ 6}   " 'The purpose of the vexatious litigator statute is clear.  It seeks to prevent abuse of the system by those persons who persistently and habitually file lawsuits without

reasonable grounds and/or otherwise engage in frivolous conduct in the trial courts of this state. Such conduct clogs the court dockets, results in increased costs, and oftentimes is a waste of judicial resources – resources that are supported by the taxpayers of this state. The unreasonable burden placed upon courts by such baseless litigation prevents the speedy consideration of proper litigation.' " *Mayer v. Bristow*, 91 Ohio St.3d 3, 13 (2000), quoting *Cent. Ohio Transit Auth. v. Timson*, 132 Ohio App.3d 41, 50 (10th Dist.1998). *See also Prime Equip. Group, Inc. v. Schmidt*, 10th Dist. No. 15AP-584, 2016-Ohio-3472.

{¶ 7}   As this court has previously held, a person need not engage in repetitive actions in order to be deemed a vexatious litigator, and such a finding can be based upon the actions in a single case. *Roo v. Sain*, 10th Dist. No. 04AP-881, 2005-Ohio-2436, ¶ 18 ("[t]his court has specifically found that separate, repetitive actions are not necessary for a vexatious litigator finding, and such a finding can be based upon actions in a single case"); *Farley v. Farley*, 10th Dist. No. 02AP-1046, 2003-Ohio-3185, ¶ 48. Additionally, a court may examine other actions to determine whether a person is a vexatious litigator. *Catudal v. Netcare Corp.*, 10th Dist. No. 15AP-133, 2015-Ohio-4044, ¶ 8. The critical inquiry is the nature of the conduct, not the number of actions. *Roo* at ¶ 18, citing *Borger v. McErlane*, 1st Dist. No. C-010262 (Dec. 14, 2001).

{¶ 8}   Based on our review of the record, the trial court appropriately considered the statutory factors and determined Ibanez meets the definition of a vexatious litigator pursuant to R.C. 2323.52. In so determining, the trial court considered both the number and extent of actions Ibanez has pursued as well as her conduct within those actions. Since 1994, Ibanez has filed complaints or otherwise initiated 58 separate cases in Franklin County. By May 11, 2016, Ibanez had filed 17 cases in 2016 alone. As a result of adverse rulings against her, Ibanez began filing numerous civil stalking protection orders against judges, magistrates, and personnel from the clerk of courts office. Moreover, since January 26, 2016, Ibanez had filed 76 separate charges of discrimination with the Ohio Civil Rights Commission. Following adverse rulings in those filings, Ibanez has filed, from April to May 2016, four civil stalking protection orders against employees of the Ohio Civil Rights Commission, 12 subpoenas against commission employees, and numerous motions attempting to sue various agencies of the State of Ohio.

{¶ 9}   The civil protection orders Ibanez attempted to file alleged actions that did not warrant the filing of a civil protection order.  The trial court specifically noted this case was not simply a matter of a pro se litigant being confused by the process but that Ibanez's repeated filings seeking protection orders were deliberate and intended to hurt, harm, and harass people that did not agree with her.  Thus, the trial court did not err in finding Ibanez to be a vexatious litigator, and we overrule Ibanez's 29 assignments of error.

## IV.  Disposition

{¶ 10} Based on the foregoing reasons, the trial court did not err in determining Ibanez to be a vexatious litigator and imposing restrictions on future filings pursuant to R.C. 2323.52.  Having overruled Ibanez's 29 assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN, SADLER, & LUPER SCHUSTER, JJ.

———————————