[Cite as *Herron v. Bramel*, 2018-Ohio-1029.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ROBERT HERRON, COLUMBIANA COUNTY PROSECUTING ATTORNEY, | ) ) ) | |
| PLAINTIFF-APPELLEE, | ) ) | CASE NO. 17 CO 0008 |
| V. | ) ) | OPINION |
| CHARLES BRAMEL ET AL., | ) ) | |
| DEFENDANTS-APPELLANTS. | ) ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from Court of Common Pleas of Columbiana County, Ohio Case No. 2016-CV-183

JUDGMENT: Affirmed.

APPEARANCES:
For Plaintiff-Appellee

Attorney Robert Herron
Attorney Krista Peddicord
Assistant Prosecutor
105 South Main Street
Lisbon, Ohio 44503

For Defendants-Appellants

Attorney Rhys Cartwright-Jones
42 North Phelps Street
Youngstown, Ohio 44503

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: March 15, 2018

DONOFRIO, J.

{¶1} Defendants-appellants, Charles Brammel (Charles), Laura Brammel (Laura), and Chester Channels (Chester) appeal the judgement of the Columbiana County Court of Common Pleas' granting summary judgment in favor of plaintiff-appellee, Robert Herron, the Columbiana County Prosecuting Attorney.

{¶2} In 2014, the Columbiana County Board of Commissions (Board) decided to vacate a thirty-foot strip near Moore Road in St. Clair Township (Moore Road). On June 25, 2014, Laura and Charles appealed the Board's decision regarding Moore Road by filing an action in the Columbiana County Court of Common Pleas. This action was given the case number 2014 CV 325. Summary judgment was granted against Laura and Charles in 2014 CV 325 on the basis that the trial court lacked subject matter jurisdiction to hear the case. Laura and Charles appealed the trial court's judgment to this Court in case number 2014 CO 0041. Appellants dismissed that appeal without explanation.

{¶3} On September 3, 2014, Chester filed an action challenging the Board's Moore Road decision in the Columbiana County Court of Common Pleas. This action was given the case number 2014 CV 459. Case number 2014 CV 459 was also dismissed by the trial court for lack of subject matter jurisdiction.

{¶4} On February 25, 2015, Laura and Charles filed another action challenging the Board's Moore Road decision in the Columbiana County Court of Common Pleas. This action was given the case number 2015 CV 101. The trial court sua sponte dismissed case number 2015 CV 101 on the basis that it lacked subject matter jurisdiction and on res judicata grounds due to case number 2014 CV 325. Appellants then filed another appeal with this Court in case number 2015 CO 0009. This Court affirmed the trial court's judgment dismissing 2015 CV 101.

{¶5} On July 14, 2015, appellants filed another action in the Columbiana County Court of Common Pleas challenging the Board's decision to dismiss their "Petition to Establish Moore Road." This action was given the case number 2015 CV 346. This action was dismissed by the trial court again for lack of subject matter jurisdiction.

**{¶6}** On December 28, 2015, appellants filed another action challenging the Board's decision to dismiss their "Petition to Relocate [Moore] Road" with the Columbiana County Court of Common Pleas. This action was given the case number 2015 CV 668. Appellants voluntarily dismissed this action.

**{¶7}** On March 31, 2016, appellee filed a complaint seeking to declare appellants as vexatious litigators pursuant to R.C. 2323.52. The basis of the complaint is that appellants made numerous filings in the Columbiana County Court of Common Pleas concerning the Board's Moore Road decision which only served the purpose to harass or maliciously injure the Board. Appellee filed a motion for summary judgment on its vexatious litigator claims which appellants opposed. On February 23, 2017, the trial court granted appellee's motion for summary judgment and declared appellants vexatious litigators. Appellants timely filed this appeal on March 20, 2017. Appellants now raise one assignment of error.

**{¶8}** Appellants' sole assignment of error states:

THE TRIAL COURT ERRED IN DEEMING BRAMEL, ET AL., VEXATIOUS LITIGATORS.

**{¶9}** Appellants' argument regarding this assignment of error is twofold. First, appellants argue that the reason behind the numerous filings and initiation of cases was to correct mistakes that were made in the previous filings. Second, because the reason of the numerous filings was to correct the previous filings' mistakes, the policy of declaring parties vexatious litigators is not served by declaring appellants vexatious litigators.

**{¶10}** An appellate court reviews a trial court's summary judgment decision de novo, applying the same standard used by the trial court. *Ohio Govt. Risk Mgt. Plan v. Harrison*, 115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, ¶ 5. A motion for summary judgment is properly granted if the court, upon viewing the evidence in a light most favorable to the nonmoving party, determines that: (1) there are no genuine issues as to any material facts; (2) the movant is entitled to judgment as a

matter of law, and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party. Civ. R. 56(C); *Byrd v. Smith*, 110 Ohio St. 3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10.

{¶11} Summary judgment is appropriate when there is no genuine issue as to any material fact. A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.,* 104 Ohio App.3d, 598, 603, 662 N.E.2d 1088 (8th Dist. 1995), citing *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

{¶12} R.C. 2323.52 sets forth the requirements for declaring a litigant a vexatious litigator. It states, in relevant part:

> (A) As used in this section:
>
> * * *
>
> (2) "Vexatious conduct" means conduct of a party in a civil action that satisfied any of the following:
>
> (a) The conduct obviously serves merely to harass or maliciously injure another party to the civil action;
>
> (b) The conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law;
>
> (c) The conduct that is imposed solely for delay.
>
> (3) "Vexatious litigator" means any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions. * * *

{¶13} Appellants appear to only take issue with the element of "without

reasonable grounds" as set forth in R.C. 2323.52(A)(3). Appellants contend that the reason behind the numerous filings in the same court, on the same or similar issues, and against the same party was done with reasonable grounds in that they were merely correcting errors made in previous pleadings.

{¶14} Analyzing appellee's motion for summary judgment, numerous exhibits were attached to this motion. Exhibits A, C, D, F, and G are judgment entries from the trial court dismissing appellants' previous actions attempting to overturn the Board's Moore Road decision. Exhibits A and D are the judgment entries dismissing Charles and Laura's actions in case numbers 2014-CV-325 and 2015 CV 101 respectively for lack of subject matter jurisdiction. Exhibit C is the judgment entry dismissing Chester's action in case number 2014 CV 459 for lack of subject matter jurisdiction. Exhibits F and G are the judgment entries dismissing appellants' subsequent actions in case numbers 2015 CV 346 and 2015 CV 668 respectively. These exhibits show that appellants filed, and the trial court subsequently dismissed, a total of five actions: two initiated by Charles and Laura, one initiated by Chester, and two initiated by all appellants. All five actions concerned the same subject matter; the Board's Moore Road decision.

{¶15} Furthermore, exhibit A specifically states that the court lacked subject matter jurisdiction to hear appellants' claims concerning Moore Road. From this moment on, Laura and Charles were notified that the trial court did not have subject matter jurisdiction over their claim.

{¶16} Similarly, exhibit B specifically states that the trial court lacked subject matter jurisdiction to hear Chester's claims concerning Moore Road. From this moment on, Chester was notified that the trial court did not have subject matter jurisdiction over his claim.

{¶17} Despite appellants having notice that the trial court lacked subject matter jurisdiction, Laura and Charles filed another complaint and appellants together filed two more complaints concerning the Board's Moore Road decision. In total, five complaints were filed concerning the same action the trial court had no subject matter

jurisdiction over.

**{¶18}** The subsequent actions in the Columbiana County Court of Common Pleas satisfy the definition of vexatious conduct pursuant to R.C. 2323.52(A)(2)(b) in that they were not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law. Furthermore, as the Columbiana County Prosecuting Attorney, appellee is the proper party to bring a vexatious litigator claim against appellants pursuant to R.C. 2323.52(B).

**{¶19}** With appellee's burden under *Dresher* satisfied, it then fell upon appellants to satisfy their reciprocal burden of providing evidence or affidavits which show that there were still genuine issues of material fact. Appellants' reply to appellee's motion for summary judgment contains no exhibits or affidavits. The crux of appellants' reply to summary judgment is that the repeated court filings were all done with the purpose of correcting deficiencies in the previous documents.

**{¶20}** Appellants also argue that there was never any intent to harass or maliciously injure the Board because they were merely correcting previous mistakes. But R.C. 2323.52(A)(3) has no intent requirement. Moreover, the First District held that intent is not a requirement under the vexatious litigator statute. See *Borger v. McErlane*, 1st Dist. No. C-010262, 2001-Ohio-4030 at 5. The person must simply habitually, persistently, and without reasonable grounds, engage in vexatious conduct. R.C. 2323.52(A)(2). One definition of vexatious conduct is that the actions are not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law. R.C. 2323.52(A)(2)(b).

**{¶21}** Furthermore, if appellants' repeated filings were for the purpose of correcting mistakes, they failed to do so as they were cited more than once by the trial court for making the same mistake repeatedly. Namely, they continued to file actions with the same court that lacked subject matter jurisdiction.

**{¶22}** Addressing appellants' policy of the vexatious litigator statute argument,

appellants cite the Tenth District's decision in *O'Shaughnessy v. Ibanez*, 10th Dist. Nos. 16AP-639, 16AP-640, 2017-Ohio-662. In *O'Shaughnessy,* defendant-appellant Ibanez was declared a vexatious litigator by the Franklin County Court of Common Pleas after she filed numerous petitions for civil stalking protection orders and civil sexually oriented offense protection orders against numerous people including judges, magistrates, and the clerk of courts personnel. *Id.* at ¶ 3. Ibanez's admitted that these people never touched her or had any contact with her outside of their professional roles. *Id.* Ibanez then appealed asserting 29 assignments of error. *Id.* at ¶ 4.

**{¶23}** On review, the Tenth District found that Ibanez filed 17 cases in 2016 alone. *Id.* at ¶ 8. As a result of adverse rulings against her, Ibanez then started to file her petitions for civil stalking protection orders against judges, magistrates, and the clerk of courts personnel. *Id.* The Tenth District concluded that the trial court's decision to label Ibanez a vexatious litigator was not error because no action warranted Ibanez's multiple petitions. *Id.* at ¶ 9. The Tenth District continued holding that this was not a case of a pro se litigant being confused by the court system but rather a deliberate attempt to hurt, harm, or harass people. *Id.*

**{¶24}** Appellants rely on *O'Shaughnessy* as if to show the type of litigant who should be declared a vexatious litigator. While Ibanez's actions in *O'Shaughnessy* were extreme, they do not detract from the fact that appellants filed numerous actions with the trial court which were not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

**{¶25}** Additionally, appellants argue that, if the trial court's decision were to stand, then all persons filing pleadings, including attorneys in their regular legal work, risk being deemed vexatious litigators. This argument does not have merit as R.C. 2323.52(A)(3) states that a vexatious litigator does not include a person authorized to practice law in Ohio unless that person is "representing or has represented self pro se in the civil action or actions."

**{¶26}** In conclusion, Charles and Laura's three subsequent actions and Chester's two subsequent actions were sufficient to satisfy the vexatious litigator statute pursuant to R.C. 2323.52(A)(2)(b) in that they were not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

**{¶27}** Accordingly, appellants' sole assignment of error lacks merit and is overruled.

**{¶28}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., Concurs

Robb, P., J., Concurs