[Cite as *Whipps v. Ryan*, 2013-Ohio-4382.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Edward F. Whipps, Trustee, | : | |
| Plaintiff-Appellee, | : | No. 12AP-685 |
| v. | : | (C.P.C. No. 05CVH-10-11685) |
| James M. Ryan, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |
| Sky Bank et al., | : | |
| Plaintiffs-Appellees, | : | No. 12AP-722 |
| v. | : | (C.P.C. No. 06CVH-01-1244) |
| Michael F. Colley et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees, | : | |
| (James M. Ryan, | : | |
| Defendant-Appellant). | : | |

D E C I S I O N

Rendered on October 3, 2013

*James M. Ryan*, pro se.

APPEALS from the Franklin County Court of Common Pleas

CONNOR, J.

{¶ 1}  Defendant-appellant, James M. Ryan ("Ryan"), appeals from the August 1, 2012 orders of the Franklin County Court of Common Pleas declaring Ryan a vexatious litigator pursuant to R.C. 2323.52.  For the reasons that follow, we reverse.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The underlying dispute in this case concerns several parcels of land located on East Main Street in Columbus, Ohio ("the property"). The dispute over the property has spanned several years and has been extensively examined by our prior decisions. *See Whipps v. Ryan*, 10th Dist. No. 07AP-231, 2008-Ohio-1216; *Whipps v. Ryan*, 10th Dist. No. 08AP-838, 2009-Ohio-2228; *Whipps v. Ryan*, 10th Dist. No. 10AP-167, 2011-Ohio-3300; and *Whipps v. Ryan*, 10th Dist. No. 12AP-509, 2013-Ohio-4334 ("*Whipps I*"). Although the case has a long history involving several parties, the instant appeal concerns only the trial court's orders declaring Ryan a vexatious litigator. As such, we will briefly summarize the facts relevant to the instant appeal.

{¶ 3} The litigation in the case began in October 2005 when Edward F. Whipps, as trustee, filed a complaint for partition against Ryan. Ryan filed a counterclaim to the partition action. In January 2006, Sky Bank filed a complaint for money damages against Ryan and Michael F. Colley. Sky Bank's complaint concerned a promissory note executed by Ryan and Colley which was secured by the property. Ryan and Colley each filed cross-claims against each other in the money damages action.

{¶ 4} On February 7, 2006, Sky Bank filed a motion to intervene in the partition action, noting that it held a mortgage on the property which was the subject of the partition action. The trial court granted Sky Bank's motion to intervene, and Sky Bank filed an answer to the partition complaint, as well as a cross-claim and counterclaim for foreclosure. On August 3, 2006, Sky Bank moved to consolidate the partition/foreclosure action and the money damages action. The trial court granted Sky Bank's motion to consolidate. Thereafter, the court granted Sky Bank's motion for summary judgment and issued a decree of foreclosure and order of sale.

{¶ 5} On May 23, 2008, Sky Bank moved to substitute DB Midwest, LLC ("DB Midwest"), noting that DB Midwest had purchased the loans which were the subject of the action. On June 18, 2012, DB Midwest filed a motion under R.C. 2323.52, asking the court to declare Ryan a vexatious litigator. In response, Ryan filed a Civ.R. 12(E) motion for a definite statement.

{¶ 6} On August 1, 2012, the trial court granted DB Midwest's motion and entered orders declaring Ryan a vexatious litigator under R.C. 2323.52. In accordance with R.C.

2323.52(D)(1)(a) through (c), the court ordered that Ryan must request and obtain leave of court before instituting legal proceedings in certain courts.

{¶ 7} On August 15, 2012, Ryan filed an application, pursuant to R.C. 2323.52(F)(2), asking this court to grant him leave to proceed with his appeal from the orders declaring him a vexatious litigator. On August 16, 2012, this court granted Ryan's motion for leave to appeal the vexatious litigator orders.

## II. ASSIGNMENTS OF ERROR

{¶ 8} Ryan appeals, assigning the following errors:

> [I.] The Trial Court Erred in granting DB Midwest LLC's Motion to Declare Defendant, James M. Ryan, A Vexatious Litigator.r-334. and docketing its Order Declaring James M. Ryan a Vexatious Litigator r-332/255 as the Trial Court lacked subject matter jurisdiction over the case and personal jurisdiction over James M. Ryan as the case was on appeal to the Tenth District Court of Appeals at the time the Trial Court ruled on the motion and issued its Order.

> [II.] The Trial Court Erred by Granting DB Midwest LLC's Motion to Declare Defendant, James M. Ryan, A Vexatious Litigator r-334 and Erred in issuing and docketing its Order Declaring James M. Ryan a Vexatious Litigator r-332/256. The Trial Court abused its discretion in Granting DB Midwest LLC's Motion and by Issuing and Docketing its Order Declaring James M. Ryan a Vexatious Litigator.r-332/256.

## III. SECOND ASSIGNMENT OF ERROR—R.C. 2323.52

{¶ 9} As Ryan's second assignment of error is dispositive of the instant appeal, we address it first. Because DB Midwest did not follow the proper procedure to have Ryan declared a vexatious litigator, we reverse the trial court's August 1, 2012 orders declaring Ryan a vexatious litigator.

{¶ 10} Initially, however, we must confirm that the vexatious litigator determination is a final appealable order. The Ohio Constitution, Article IV, Section 3(B)(2) and R.C. 2505.03 limit this court's appellate jurisdiction to the review of final orders of lower courts. " '[T]he entire concept of "final orders" is based upon the rationale that the court making an order which is not final is thereby retaining jurisdiction for further proceedings. A final order, therefore, is one disposing of the whole case or some

separate and distinct branch thereof.' " *Browder v. Shea,* 10th Dist. No. 04AP-1217, 2005-Ohio-4782, ¶ 10, quoting *Noble v. Colwell,* 44 Ohio St.3d 92, 94 (1989), quoting *Lantsberry v. Tilley Lamp Co.,* 27 Ohio St.2d 303, 306 (1971).

{¶ 11} An appellate court may raise, sua sponte, the jurisdictional question of whether an order is final and appealable. *See Chef Italiano Corp. v. Kent State Univ.,* 44 Ohio St.3d 86, 87 (1989); *State ex rel. White v. Cuyahoga Metro. Hous. Auth.,* 79 Ohio St.3d 543, 544 (1997). Moreover, we must sua sponte dismiss an appeal that is not from a final appealable order. *See Kopp v. Associated Estates Realty Corp.,* 10th Dist. No. 08AP-819, 2009-Ohio-2595, ¶ 6, citing *Whitaker-Merrell Co. v. Geupel Constr. Co.,* 29 Ohio St.2d 184, 186 (1972).

{¶ 12} An order of a court is "a final, appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C. 2505.02 are met." *Chef Italiano* at 88. Thus, when determining whether a judgment or order is final and appealable, the appellate court engages in a two-step analysis. *In re Estate of L.P.B.,* 10th Dist. No. 11AP-81, 2011-Ohio-4656, ¶ 10. "First, we must determine if the order is final within the requirements of R.C. 2505.02. Second, if the order satisfies R.C. 2505.02, we must determine whether Civ.R. 54(B) applies and, if so, whether the order contains a certification that there is no just reason for delay." *Id.*

{¶ 13} As applicable to the matter before us, R.C. 2505.02(B)(4) defines a final order as:

> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 14} An order declaring an individual to be a vexatious litigator is a final order under R.C. 2505.02(B)(4). R.C. 2505.02(A)(3) defines a "provisional remedy" as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a

preliminary injunction, attachment, discovery of privileged matter, [or] suppression of evidence." In *Helfrich v. Madison*, 5th Dist. No. 08-CA-150, 2009-Ohio-5140, the court found an order declaring a party a vexatious litigator was a final order under R.C. 2505.02(B)(4), stating as follows:

> The vexatious litigator proceeding is ancillary to the underlying action filed by appellant. Therefore, it meets the definition of a provisional remedy under R.C. 2505.02(A)(3). Further, the order meets both requirements of R.C. 2505.02(B)(4). The trial court's decision is a final determination as to appellant's vexatious litigator status, not only in the instant action but in all actions in any state court. The order also meets the requirement in subsection (b) that no meaningful or effective remedy can be provided on later appeal. Appellant is prohibited from filing anything in the underlying action without seeking leave of court. R.C. 2323.52(G) provides that a vexatious litigator cannot appeal a decision of the court of common pleas that denies that person leave for the institution, continuance of, or making of an application in any legal proceeding in the court of claims, court of appeals, court of common pleas, municipal court or county court. Therefore, any order denying him leave to file a pleading in the underlying action or in any other action in a state court would not be subject to review on appeal. For these reasons, we find the instant order is a provisional remedy and a final, appealable order as defined by statute.

*Id.* at ¶ 30.

{¶ 15} As the vexatious litigator orders satisfy R.C. 2505.02(B)(4), we next must determine whether Civ.R. 54(B) applies to the order. Civ.R. 54(B) provides that "[w]hen more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim," or when the action involves multiple parties, "the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Our review of the record demonstrates that claims remain pending in the action, *see Whipps I*, and that the vexatious litigator orders lacks a Civ.R. 54(B) finding of "no just reason for delay."

{¶ 16} However, because the orders concern a provisional remedy, Civ.R. 54(B) is inapplicable. It is well established that " '[a] provisional remedy is a remedy other than a claim for relief. Therefore, an order granting or denying a provisional remedy is not subject to the requirements of Civ.R. 54(B).' " *Randall v. Cantwell Mach. Co.*, 10th Dist.

No. 12AP-786, 2013-Ohio-2744, ¶ 8, quoting *State ex rel. Butler Cty. Children Servs. Bd. v. Sage*, 95 Ohio St.3d 23, 25 (2002).  *See also Empower Aviation, L.L.C. v. Butler Cty. Bd. of Commrs.*, 185 Ohio App.3d 477, 2009-Ohio-6331, ¶ 15 (1st Dist.); *N. Fairfield Baptist Church v. G129, L.L.C.*, 12th Dist. No. CA2009-11-281, 2010-Ohio-2543, ¶ 22; *State ex rel. Hawes-Saunders Broadcast Properties v. Hall*, 2d Dist. No. 19552 (Oct. 10, 2002).  Accordingly, the orders declaring Ryan a vexatious litigator are final appealable orders.

{¶ 17} DB Midwest filed a motion asking the court to declare Ryan a vexatious litigator.  R.C. 2323.52, the vexatious litigator statute, provides:

> **(B)** A person * * * who has defended against habitual and persistent vexatious conduct in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court *may commence a civil action* in a court of common pleas with jurisdiction over the person who allegedly engaged in the habitual and persistent vexatious conduct to have that person declared a vexatious litigator. The person * * * may commence this civil action while the civil action or actions in which the habitual and persistent vexatious conduct occurred are still pending or within one year after the termination of the civil action or actions in which the habitual and persistent vexatious conduct occurred.
>
> **(C)** A civil action to have a person declared a vexatious litigator shall proceed as any other civil action, and the Ohio Rules of Civil Procedure apply to the action.

(Emphasis added.)

{¶ 18} In *Kinstle v. Union Cty. Sheriff's Office*, 3d Dist. No. 14-07-16, 2007-Ohio-6024, ¶ 10, the court held that R.C. 2323.52 "unambiguously requires the commencement of a 'civil action,' and * * * a motion is not the equivalent of a complaint."  In *Kinstle*, one of the defendants, Cincinnati Insurance Company ("Cincinnati"), responded to Kinstle's complaint by filing a motion asking the court to sanction Kinstle under Civ.R. 11 and to declare Kinstle a vexatious litigator under R.C. 2323.52.  *Id.* at ¶ 3.  Following a January 25, 2007 hearing, the court found Kinstle was a vexatious litigator.  Kinstle then filed a Civ.R. 41(A) motion to dismiss the complaint on January 29, 2007.  On March 6, 2007, the court filed a judgment entry declaring Kinstle a vexatious litigator.  *Id.* at ¶ 5.

{¶ 19} Kinstle appealed the vexatious litigator finding, asserting that R.C. 2323.52 required Cincinnati to commence a separate civil action to have the court declare Kinstle a vexatious litigator.  *Id.* at ¶ 6.  The court agreed, noting that pursuant to Civ.R. 3, a party commences a civil action by filing a complaint.  Accordingly, the court held that "filing a *motion* in a pending cause of action is not the equivalent of 'commencing a civil action' as intended by both R.C.  2323.52 and Civ.R. 3."  (Emphasis sic.)  *Id.* at ¶ 9.

{¶ 20} The *Kinstle* court, however, further held that Kinstle's Civ.R. 41(A) motion to dismiss divested the trial court "of jurisdiction to enter judgment declaring Kinstle a vexatious litigator."  *Id.* at ¶ 11.  The court thus concluded that, because "the trial court did not have jurisdiction to do so, and since a separate civil action was not commenced seeking a vexatious litigator declaration, the judgment entry of March 6, 2007 is void insofar as it declares Kinstle a vexatious litigator."  *Id.*

{¶ 21} In the instant action, unlike *Kinstle*, the trial court possessed jurisdiction to rule on the vexatious litigator motion.  *See State ex rel. Tauwab v. Ambrose*, 8th Dist. No. 97472, 2012-Ohio-817 (ruling on a writ of prohibition, the appellate court concluded that, because a common pleas court is a court of general jurisdiction, and R.C. 2323.52 specifically vests the common pleas court with the power to declare a person a vexatious litigator, the common pleas court did not patently and unambiguously lack jurisdiction to rule on a vexatious litigator claim brought by way of motion, as an appeal from such ruling would be "an adequate remedy at law which preclude[d] granting the writ").  As such, the orders declaring Ryan a vexatious litigator are not void, but simply voidable upon appeal.  *See Miller v. Nelson-Miller*, 132 Ohio St.3d 381, 2012-Ohio-2845, ¶ 12, citing *In re J.J.,* 111 Ohio St.3d 205, 2006-Ohio-5484, ¶ 10, 15 (explaining that "a judgment is generally void only when the court rendering the judgment lacks subject-matter jurisdiction or jurisdiction over the parties; however, a voidable judgment is one rendered by a court that lacks jurisdiction over the particular case due to error or irregularity").

{¶ 22} R.C. 2323.52 unambiguously requires a party to commence a civil action, by filing a complaint, to have the trial court declare a person a vexatious litigator.  DB Midwest filed a motion requesting the court to declare Ryan a vexatious litigator.  The filing of a motion in a pending case does not satisfy the requirements of R.C. 2323.52.

Accordingly, the trial court erred in granting DB Midwest's motion to declare Ryan a vexatious litigator.

{¶ 23} Based on the foregoing, we sustain Ryan's second assignment of error and remand the cause to the trial court. Our disposition of Ryan's second assignment of error renders the first assignment of error moot.

## IV. DISPOSITION

{¶ 24} Having sustained Ryan's second assignment of error, rendering the first assignment of error moot, we reverse the judgments of the Franklin County Court of Common Pleas granting DB Midwest's motion to declare Ryan a vexatious litigator under R.C. 2323.52.

*Judgments reversed;*
*cause remanded.*

TYACK and SADLER, JJ., concur.

————————————