[Cite as *State ex rel. DeWine v. Precourt Sports Ventures L.L.C*, 2018-Ohio-2414.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel.<br>Ohio Attorney General<br>Mike DeWine et al., | : | |
| | : | |
| Plaintiffs-Appellees, | : | No. 18AP-342<br>(C.P.C. No. 18CV-1864) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Precourt Sports Ventures LLC et al., | : | |
| | : | |
| Defendants-Appellants. | : | |

# D E C I S I O N

### Rendered on June 21, 2018

*Mike DeWine*, **Attorney General**, *Bridget C. Coontz, Randall W. Knutti*, **and** *Samuel C. Peterson*, **for State of Ohio.**

*Zach Klein*, **City Attorney**, *Joshua T. Cox* **and** *Charles P. Campisano; Bricker & Eckler LLP, Jennifer A. Flint, Drew H. Campbell, Matthew W. Warnock*, **and** *Bryan M. Smeenk*, **for City of Columbus.**

*Bailey Cavalieri LLC, Dan L. Cvetanovich, James G. Ryan,* **and** *Jolene S. Griffith*, **for Precourt Sports Ventures LLC, Team Columbus Soccer LLC, and Crew Soccer Stadium LLC.**

*Hahn Loeser & Parks LLP, Marc J. Kessler,* **and** *Jeffrey A. Yeager; Proskauer Rose LLP, Bradley I. Ruskin, Mark D. Harris*, **and** *Jennifer E. Tarr*, **for Major League Soccer LLC.**

## ON MOTION TO DISMISS APPEAL
### AND
## MOTION TO EXPEDITE APPEAL

PER CURIAM.

{¶ 1} Defendants-appellants, Precourt Sports Ventures LLC, Major League Soccer LLC, Team Columbus Soccer LLC, and Crew Soccer Stadium LLC, appeal from an order of the Franklin County Court of Common Pleas in this action concerning the prospective relocation of a professional soccer team, the Columbus Crew SC. The plaintiffs-appellees are the City of Columbus and the State of Ohio ex rel. Ohio Attorney General Mike DeWine. The matter is now before the court on appellees' motion to dismiss the appeal as premature. Also before us is appellants' unopposed motion to expedite the appeal.

{¶ 2} Appellants are organizations involved in the ownership, management, and operation of the Crew. Precourt Sports, under Major League Soccer's ownership structure, is the "operator/investor" for the Crew (Amended Complaint at ¶ 11), and MLS is the "owner." *Id.* at ¶ 12. Appellant Team Columbus Soccer LLC owns MAPFRE Stadium in Columbus, site of the Crew's home games. Appellant Crew Soccer Stadium LLC leases 15.25 acres of state-owned property on which the stadium sits.

{¶ 3} The city and state initiated this matter with a complaint for declaratory judgment and preliminary and permanent injunctive relief filed on March 5, 2018, followed by an amended complaint on March 12, 2018. The amended complaint anticipates a proposed move of the Crew from Columbus to Austin, Texas, and seeks to apply R.C. 9.67, which imposes certain obligations on professional sport teams operating in Ohio. The general object of the statute is to restrict the sudden abandonment of Ohio markets and fan bases by teams that have benefited from tax subsidies or other public financial assistance. To this end, the statute requires that such teams provide a six-month advance notice of any

intent to move, and imposes a further obligation to give local government or investors an opportunity to purchase the team.

{¶ 4} The amended complaint generally alleges that Precourt Sports and MLS are subject to R.C. 9.67 because the Crew has played home games in a tax-supported facility (MAPFRE Stadium) and accepted financial assistance from the city and state. The complaint further alleges that Precourt Sports has announced its intention to move the Crew to Austin unless the City of Columbus or private investors can provide guarantees that the Crew will play in a new downtown Columbus stadium.

{¶ 5} According to the complaint, Attorney General DeWine notified Precourt Sports on December 8, 2017 by letter that R.C. 9.67 imposed certain obligations on the Crew owners and affiliated entities, including the requirement to give six months' notice to the city regarding the team's intent to stop playing at the publicly supported facility, and that local purchasers or investors must be given the opportunity to purchase the team during that period.

{¶ 6} Appellees filed a motion on April 9, 2018 asking the trial court to equitably toll the running of the six-month notice-and-negotiation period of R.C. 9.67. This request was based on appellants' alleged delaying tactics during and prior to litigation; appellees contended that this delaying conduct had the object of neutralizing the statute. Appellants filed a motion to dismiss the amended complaint on April 19, 2018, asserting that the statute is both unconstitutional on its face and inapplicable to the Crew entities. The parties also traded motions to compel and stay discovery; much of the discovery objected to by appellants concerned inquiries into the ownership structure and operational relationships involving the Crew and MLS entities.

{¶ 7}   On May 8, 2018, the Franklin County Court of Common Pleas entered an order "(1) granting in part plaintiffs' motion to toll R.C. 9.67; (2) granting in part defendants' motion to stay discovery; (3) holding plaintiff's motion to compel discovery in abeyance; and (4) deferring ruling on defendants' motion to dismiss."  The trial court deferred its decision on the essential issues raised in appellants' motion to dismiss: "At the outset, the Court makes clear for the purpose of ruling on instant motions, the Court is not at this time commenting on the constitutionality of R.C. 9.67.  Nor should it be inferred in any way from the Court's rulings that the statute necessarily applies to Defendants or that any statutory notice—if indeed given—was done properly."  (Decision at 5.)

{¶ 8}   The trial court found that the doctrine of equitable tolling applied based on conduct of appellants during the litigation, and granted a 90-day tolling period, running from the date of the order, against the six-month notice period required in R.C. 9.67.  The court further found that "[d]etermination of the date upon which this six-month clock began ticking, i.e., the date upon which Defendants provided the requisite statutory 'notice,' is saved for a later time.  Upon the expiration of this 90-day toll or 'pause' of the six-month notice period, the clock will pick up where it left off, if necessary, unless the Court orders otherwise."  (Decision at 12.)  The trial court then granted a partial stay of discovery during the tolling period, in order to reduce the burden on appellants, and ordered court-supervised negotiation between the parties to discuss the definition of a bona-fide purchaser under R.C. 9.67.

{¶ 9}   On May 14, 2018, appellants filed their notice of appeal to this court.  Although the matter has yet to be fully briefed on the merits, the appeal at its core objects

to the trial court's decision to equitably toll the six-month waiting period of R.C. 9.67 while the trial court considers the merits of appellants' motion to dismiss.

{¶ 10} We do not reach the merits of the trial court's order because we find that the trial court has yet to render a final appealable order in this case and we must dismiss the appeal for lack of jurisdiction. The order is not final, principally because appellants have not established that they are deprived of a meaningful and effective remedy by an appeal at a later stage of the proceedings after the trial court has rendered rulings on substantive aspects of the case. The motion to expedite is concurrently rendered moot.

{¶ 11} Article IV, Section 3(B)(2) of the Ohio Constitution establishes that courts of appeals "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." To qualify as a final appealable order, an order must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *IBEW, Local Union No. 8 v. Vaughn Indus., L.L.C.*, 116 Ohio St.3d 335, 2007-Ohio-6439, ¶ 7.

{¶ 12} Civ.R. 54(B) provides that "[w]hen more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim," or when the action involves multiple parties, "the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." The trial court's decision here does not include such language.

{¶ 13} If the appealed judgment does not constitute a final appealable order, an appellate court lacks jurisdiction to review it. *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, ¶ 14. Consequently, in the absence of a final appealable order,

an appellate court must dismiss the appeal. *Browder v. Shea*, 10th Dist. No. 04AP-1217, 2005-Ohio-4782, ¶ 11.

{¶ 14} Two sections of R.C. 2505.02 are at issue here. Pursuant to R.C. 2505.02(B)(2), an order is final and appealable if it "affects a substantial right made in a special proceeding." R.C. 2505.02(B)(4)(b) permits appeal from an order that grants or denies a provisional remedy when the "appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

{¶ 15} Appellants first argue that the trial court's order is appealable under R.C. 2505.02(B)(4) because it both implements a provisional remedy and leaves appellants without a meaningful opportunity for redress in a later appeal from the deleterious impact of that remedy.

{¶ 16} A provisional remedy is "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction * * * [or] discovery of privileged matter." R.C. 2505.02(A)(3). Civ.R. 54(B) is inapplicable to orders that grant a provisional remedy: "A provisional remedy is a remedy other than a claim for relief. Therefore, an order granting or denying a provisional remedy is not subject to the requirements of Civ.R. 54(B)." *State ex rel. Butler Cty. Children Servs. Bd. v. Sage*, 95 Ohio St.3d 23, 25 (2002); *see also Whipps v. Ryan*, 10th Dist. No. 12AP-685, 2013-Ohio-4382, ¶ 16, citing *Randall v. Cantwell Mach. Co.*, 10th Dist. No. 12AP-786, 2013-Ohio-2744, ¶ 8. The trial court's omission of "no just reason for delay" language, therefore, does not affect our analysis under R.C. 2505.02(B)(4).

{¶ 17} Appellants argue that the trial court's order grants a provisional remedy because it is, in effect if not in name, a preliminary injunction, and this court must look to the substance of the court's order rather than its style. *See, e.g., Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, ¶ 38. Appellants assert that the trial court's order amounts to a preliminary injunction because it imposes immediate, substantial, and irreparable burdens on appellants, who are (1) prevented from exercising their right to relocate the team for an additional period of 90 days, and (2) ordered to participate in a court-ordered negotiation and bidding process to sell the team.

{¶ 18} Appellants' argument is largely founded on the presumption that R.C. 9.67 is both unconstitutional and inapplicable ("Each day that Appellants are required to comply with R.C. 9.67 and with the additional processes imposed by the trial court is another day that Appellants' constitutional rights are being violated.") (Appellants Memo Contra Mot. to Dismiss at 20.) Although appellants have challenged the validity and application of the statute, the statute is presumed constitutional. *Groch v. GMC*, 117 Ohio St.3d 192, 2008-Ohio-546, ¶ 24-26. "The declaratory judgment action that is at the heart of this case will definitively address the constitutionality" of the statute at issue. *Youngstown City School Dist. Bd. of Edn. v. State*, 10th Dist. No. 15AP-941, 2017-Ohio-555, ¶ 9. Because the trial court has yet to rule, and may yet rule in appellants' favor, on the constitutionality and applicability of the statute, appellants are not foreclosed from a later appeal from an adverse ruling on that issue.

{¶ 19} Appellants also overstate the current impact of the order upon their situation. Outside of the court's application of equitable tolling, the impact of which is minimal at present, it is not the court order that has imposed the burdens complained of, it is the

statute itself. The court's order otherwise imposes no immediate additional restraint on appellants' operation of the team and exploration of opportunities in a potential new host city. As in *Youngstown City School District*, the question is whether the trial court decision to continue applying and enforcing a statute attacked on constitutional grounds constitutes denial of a remedy. As we did in *Youngstown City School District*, we conclude that it does not. In effect, we cannot yet determine whether the trial court's application of equitable tolling will result in any extension of the statutory six-month "opportunity-to-purchase" period provided under the as-yet-enforceable statute; the trial court has yet to rule on when the statutory period began running, or if it has run at all, or if the statute withstands constitutional scrutiny. The two questions are inextricably linked, and until the trial court does rule, the impact of the tolling period is essentially speculative. Any appeal before then is premature.

{¶ 20} Moreover, assuming, arguendo, that the trial court's order in this case amounts to a preliminary injunction, the order does not support an immediate appeal. A preliminary injunction is a provisional remedy, considered interlocutory, tentative, and impermanent in nature. *Wells Fargo Ins. Servs. USA v. Gingrich,* 12th Dist. No. CA2011-05-085, 2012-Ohio-677, ¶ 5. An order granting or denying a preliminary injunction will not qualify as a final appealable order unless, under R.C. 2505.02(B)(4), it effectively determines the action with respect to the provisional remedy and prevents a judgment in favor of the appealing party with respect to the provisional remedy, and the appealing party would not be afforded a meaningful, effective remedy by an appeal following final judgment. *Youngstown City School Dist.* at ¶ 9. For the reasons discussed above, appellants retain a meaningful opportunity for redress in a subsequent appeal after the

matter has ripened through further substantive rulings by the trial court. Even if the trial court had expressly couched its order as granting a preliminary injunction, it would not support an immediate appeal.

{¶ 21} Under the other prong of the R.C. 2505.02(A)(3) definition of a provisional remedy, appellants argue that the trial court's order will compel them to turn over proprietary financial information and potentially operate under an inadequate court-crafted non-disclosure agreement.  The trial court has yet to define such an agreement or compel production of specific documents. Until the trial court takes specific action in this respect, the appeal is premature.  *Irvin v. Eichenberger*, 10th Dist. No. 15AP-824, 2015-Ohio-4400, ¶ 9 ("The court may then order production of the documents to opposing counsel, or to the contrary find that the documents are indeed privileged, not relevant, or otherwise undiscoverable.  In other words, the bell [that cannot be unrung] is not yet on the point of being rung, and the appeal is premature.").

{¶ 22} Turning to appellants' alternative contention that the order is appealable under R.C. 2505.02(B)(2), to qualify as a final appealable order under that section, the order must affect a substantial right and issue in a special proceeding. Appellees' amended complaint seeks, inter alia, declaratory judgment.  A declaratory judgment action is a special proceeding falling under R.C. 2505.02(B)(2), and an order entered in a declaratory judgment action that affects a substantial right is a final order.  *Peppers v. Scott*, 10th Dist. No. 15AP-929, 2016-Ohio-8265, ¶ 14-15, citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.,* 44 Ohio St.3d 17, 22 (1989).  A substantial right is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect."  R.C. 2505.02(A)(1).

{¶ 23} However, " 'piecemeal adjudication does not become appealable merely because [it is] cast in the form of a declaratory judgment.' " *Young v. Cincinnati Ins. Co.*, 8th Dist. No. 82395, 2003-Ohio-4196, ¶ 7, quoting *Curlott v. Campbell*, 598 F.2d 1175, 1180 (9th Cir.1979), citing *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737 (1976).  For the reasons discussed above under R.C. 2505.02(B)(4), it is difficult to find an infringement of a substantial right here that cannot be remedied after the trial court has ruled on more substantive issues and developed a record for appellate review of those issues.

{¶ 24} The burden to "affirmatively establish that an immediate appeal is necessary in order to afford a meaningful and effective remedy * * * falls on the party * * * asking for interlocutory relief." *Smith v. Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480, ¶ 8.  Appellants have not met that burden with respect to the trial court's May 8 order.  We do not have a final appealable order in the matter, appellees' motion to dismiss is granted, and this appeal must be dismissed for lack of jurisdiction.

*Appeal dismissed.*

BROWN, P.J., TYACK and KLATT, JJ, concur.